Aron Steuer, J.
The motion is for summary judgment on a guaranty. It appears that a corporation known as Miss Cane, Inc. was in financial difficulty. It owed several creditors, including this plaintiff to. which it owed $50,000 on a note. *373 On July 22, 1955 an extension agreement with the creditors and with defendant Brous was signed. By the terms of this agreement Brous advanced $100,000 to the corporation. All of the creditors designated their claims as “ old debts ” and subordinated them to ‘ ‘ new debts ’ ’ which were obligations thereafter created. Fifty per cent of each of the old debts were to be paid in six equal monthly instalments of 5% thereof and two equal monthly instalments of 10% thereof. Brous indorsed all of the notes. The balance of the old debts were to be paid from profits of the corporation as determined in a manner described in the agreement. In default of any payment the entire old debt was to become due. Any unpaid portion of an old debt not paid on July 1, 1959 was then to become due.
Plaintiff being a signatory of this agreement received notes for half of its claim, namely $25,000. However, in a separate transaction on July 26, 1955, Brous bought and paid for a half interest in the $50,000 so that plaintiff’s half interest in the new notes and the old note became $12,500 in each. The consideration for this agreement was that plaintiff would enter into the extension agreement and also would release certain other guarantors that it had on the original note. On the same day, and as part of the same transaction, defendant signed the instrument on which suit is brought. By its terms defendant guaranteed payment of the new notes and of plaintiff’s share or interest in the old note. As to the latter the agreement was ‘ ‘ payment is to be made on or before December 31, 1956.” It will be recalled that by the terms of the extension agreement the debtor, Miss Cane, Inc., had until July 1, 1959 to make this payment unless profits were made before then. The complaint does not allege any such profits.
The question is therefore whether a guarantor who agrees to pay his principal’s debt, provided the principal has not previously discharged it, on a date prior to the day on which the principal is obligated to pay, can be held to that agreement. Except as to general principles there is no direct authority on that point. There seems to be no reason why a promisor for a good consideration cannot agree that if certain contingencies do not come to pass by a certain date, which contingencies would render the principal obligation due, he will nevertheless pay. It must however be conceded that such an agreement is so far out of the ordinary that such an intent must be clear. The defendant makes no claim that the wide discrepancy between the date of final payment in the extension *374 agreement and that in the guaranty was a mistake or an inadvertence. He does claim that the earlier date was inserted for an altogether different purpose. The extension agreement provides that upon default of the debtor (Miss Cane, Inc.) all of the obligations therein provided for shall become due. Default can occur through any one of 11 different acts or failures to act. In the event of default defendant, as indorser, would immediately become liable. It is claimed that to provide against this happening before December 31, 1956, that date was inserted in the guaranty. The true meaning of this instrument, says defendant, is that in no event is he to become liable prior to December 31, 1956 and that his liability thereafter is to depend on whether his principal has defaulted or thereafter does default. No such interpretation is permissible. The exact words are Payment, in accordance with the terms of this guaranty, is to be made with respect to said $25,000 principal amount of promissory notes as and when they shall become due, whether by acceleration or otherwise, and with respect to the $25,000 unpaid balance of the note now held by the Trust Company payment is to be made on or before December 31, 1956.” So that it appears as regards liability by acceleration the express words negative defendant’s contention. Furthermore the agreement as to the new notes is that they shall be paid when they become due, but the old note is to be paid on a specific date, or earlier. Obviously the provision for earlier payment is to provide for default or the contingency of profits. One further fact should be considered. The extension agreement provides that the new notes given and the “ old debts ” shall bear no interest. But in the purchase agreement defendant agrees to pay plaintiff interest at the rate of 4% on the plaintiff’s share of the new and old notes. So it appears that defendant undertook obligations in addition to those assumed by his principal. When all of the instruments are considered together the asserted defenses disappear.
Motion for summary judgment granted and the clerk is directed to enter judgment accordingly. Ten days’ stay and 30 days to make a case.