SOPARGE, S. A., Respondent, v. CHARLES H. ROSENBLATT et al., Appellants.

First Department, March 23, 1971.

*Michael Miller* for appellants.

*John M. Foley* of counsel (*Foley, Hickey & Currie,* attorneys), for respondent.

STEUER, J. Plaintiff is a Swiss corporation. Defendants are individuals who are the principals of a corporation called The Fidelity Group, Ltd. (hereinafter Fidelity).

Plaintiff corporation entered into an agreement on April 17, 1969, with Fidelity to purchase 100,000 shares of Fidelity for $250,000. The price was paid. Plaintiff, however, bargained for and received two protective measures which were the subject of two different agreements, all simultaneously executed. One agreement provided that the seller would complete a registration of the stock with the Securities and Exchange Commission. If this registration was not complete by December 31, 1969, the buyer would have an option to tender the stock back. The buyer was given 30 days after December 31, 1969, to exercise this option. If the option was exercised, the entire transaction was to be converted into a loan from plaintiff to Fidelity of $250,000, payable June 1, 1970, with interest at 9½%. In that event also, a promissory note given pursuant to the other agreement and described below was to be surrendered and Fidelity was to give a new note, payable June 1, 1970, and bearing 9½% interest.

The second agreement provided that Fidelity was to take over all the assets of a certain subsidiary and that when this was accomplished the defendants warranted that Fidelity would have assets of at least $320,000, exclusive of the $250,000 paid to it by plaintiff. It contained a further agreement to submit an audit by Price Waterhouse & Co. showing this to be its condition, which audit was to be delivered to plaintiff by defendants within 90 days. If the audit was not supplied on the expiration of the 90 days, a promissory note executed at the same time * would be payable on sight. The note in question is dated April 17, 1969,

---

* This is the note mentioned above in connection with the option agreement.

and promises to pay $250,000 with interest at $9\frac{1}{2}\%$ on sight. It is signed by Fidelity and guaranteed by the defendants.

The Price Waterhouse audit was never delivered. Nor did plaintiff ever exercise the option to retender. Suit is on the guarantee of the note. Special Term saw no defense, and neither do we.

It is argued that the defendants, being the principal obligors, may plead the defense of usury. The difficulty with this contention is that beyond cavil they are not. The entire transaction is that the sale was to be rescinded, at the buyer's option, if certain conditions were not met. One of those conditions was that the defendants would deliver an audit. If they did not the corporation would refund the purchase price with interest. The defendants guaranteed that the corporation would do this. Beyond this they made no actionable promise to do anything. The delivery of the audit would defeat the obligation of the note; the failure to deliver the audit would have no other consequence.

The dissent refers to the failure of the plaintiff to exercise the option to retender. It should be obvious that plaintiff had two methods of getting its money back, each dependent on different conditions. Even if both were open to it, the choice was its as to which to select.

Order and judgment entered, respectively, July 15, 1970, and September 10, 1970, should be affirmed with costs to respondent. Appeal from order dated July 30, 1970 denying reargument should be dismissed without costs.

McGIVERN, J. (dissenting). I would affirm the denial of summary judgment to the defendants and I would reverse the grant of summary judgment to the plaintiff.

Under every aspect of these multi-faceted agreements, I do not find the intent clear that the individual defendants were guarantors or principal obligors. Yet, for the plaintiff to recover, the intent must be clear. (*Chemical Corn Exch. Bank* v. *Brous,* 6 Misc 2d 372; 57 N. Y. Jur., Suretyship and Guaranty, § 106.)

Special Term rejected out of hand the defense of usury, although it may be available if the undertaking to submit an audit was an obligation assumed by the individual defendants. (*Rosen* v. *Columbia Savs. & Loan Assn.,* 29 Misc 2d 329, affd. 15 A D 2d 810.) And the plaintiff admittedly is suing solely on the guarantee agreement. Yet, contradictorily, the managing director of the plaintiff, Soparge, S. A. (Mario Benbassat) in his letter of April 9, 1969, says, '' We undertake that the

promissory note will be presented for payment only as provided in the Purchase *and* Guarantee Agreements ''. (Italics supplied.) And repeatedly is the contention advanced that the transaction was one integrated transaction, two agreements, but to be considered conjunctively. But, since the option privilege in the purchase agreement never was exercised, the corporation may not be liable, nor the defendants.

And similarly, I would not grant judgment to the individual defendants because it is not clear whether it was intentioned they are the principal debtors or whether their liability accrued secondarily, only after the default of the corporation. As to this, there is a triable issue. (*Roeder* v. *Judovitz,* 30 A D 2d 770 [4th Dept., 1968].) If the corporation is liable, even the defense of usury is not available to the defendants (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87), assuming the plaintiff can demonstrate a right to sue and that the defendants have not been discharged by the failure of Soparge, the obligee, to exercise its resale option and thereby failed to create a principal debt against Fidelity. Very questionable. Particularly, since the plaintiff commenced its action on December 22, 1969, although the option could be exercised within 30 days from December 31, 1969, or no later than January 30, 1970.

And all that is needed to defeat a motion for summary judgment is a single debatable question. (*Stone* v. *Goodson,* 8 N Y 2d 8.)

MARKEWICH, KUPFERMAN and McNALLY, JJ., concur with STEUER, J.; McGIVERN, J. P., dissents in an opinion.

Order and judgment, Supreme Court, New York County entered on July 15 and September 10, 1970, respectively, affirmed. Respondent shall recover of appellants $50 costs and disbursements of the appeal.

Appeal from order of said court entered on July 30, 1970, dismissed, without costs and without disbursements.